EMILY FOSTER LAWRENCE, Plaintiff, *v.* CHARLES DE RHAM, as Trustee for MARY LOUISE FOSTER under a Deed of Trust Dated April 11, 1882, as Amended by an Agreement dated March 10, 1887, and Others, Defendants.

Supreme Court, New York County, January 23, 1930.

*Heywood & Benedict*, for the plaintiff.

*Lewis M. Johnson*, guardian *ad litem*, for Francis Dana Winslow, and others, and attorney for Kenelm Winslow.

LYDON, J.  This is an action for a declaratory judgment.  The plaintiff has moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice.  The pleadings consist of the complaint, the answer of the defendant Kenelm Winslow, and the answer of the infant defendants by their guardian *ad litem*.  Edward E. Chase, on April 11, 1882, created by deed a trust fund for the benefit of his adopted daughter, Mary Louise Chase, in which he directed his trustees to pay the income of the fund to her for and during her life, and at her death the principal sum was directed to be paid to him, if then living, or his legal representatives if he then be dead.  Mary Louise Chase was his only adopted child and he had no children born of his marriage.  On April 11, 1882, Mary Louise Chase married Albert E. Foster, and on June 5, 1884, a child of that marriage, the only child of Mary Louise Foster, was born.  That child is the plaintiff.  Because his adopted daughter had given birth to a child, Edward E. Chase amended the trust deed on March 10, 1887, and after reciting the original trust deed provided: "And whereas since the execution of said indenture the said Mary Louise has contracted marriage and issue of such marriage has been born, and it it is the desire of the party of the first part, if at the death of said Mary Louise she should leave issue her surviving, that said principal or trust fund be paid to such issue.  Now

this indenture witnesseth that the parties hereto in consideration of the premises and of one dollar to each of them by the other in hand paid, the receipt of which is hereby acknowledged, agree and declare as follows: That upon the death of said Mary Louise leaving issue her surviving, the parties hereto of the second part (the trustee) shall pay the then principal fund to such issue equally share and share alike, and if there be no issue, then to pay the same to the party of the first part (Chase) if he be living, or if he be dead, to his executors, administrators or assigns, and the said indenture is hereby amended, altered and changed accordingly but in all other respects stands firm." Mary Louise died on August 9, 1929, leaving her surviving her child, the plaintiff, and the plaintiff's five children, all defendants herein. The question to be determined by this court is the meaning of the word " issue " as used in the supplemental agreement. The plaintiff claims that she alone answers this description and that it was not intended that her own children should be included as being entitled to share in the remainder of the trust fund, unless she had not survived her mother, Mary Louise Foster, the life beneficiary. Under the present statute section 47-a of the Decedent Estate Law (added by Laws of 1921, chap. 379), in effect since April 30, 1921, plaintiff alone would be entitled to the whole fund. However, that statute was not made retroactive, and, therefore, references must be made to the case law of the State, and plaintiff contends that this also entitles her to the whole fund. I am satisfied, from indications found in the trust agreement, that the creator of the trust used the term " issue " as synonymous with children and that he so understood the meaning of the word " issue." He recited that his adopted daughter had contracted marriage and that a child had been born. But, instead of saying " child," he said " issue of such marriage has been born." The words were used synonymously in my opinion. Beyond doubt he wished this child to receive the trust fund at the death of her mother if she should survive.

Plaintiff's motion for judgment on the pleadings is granted, and it is adjudged and decreed that the defendant Charles De Rham, as trustee, shall pay over to the plaintiff the corpus of the trust estate now in his possession as such trustee. Settle order on notice.